IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY MORGULOFF | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-1065-P |
| | § | |
| BAYLOR HEALTH CARE SYSTEM d/b/a | § | |
| BAYLOR REGIONAL MEDICAL | § | |
| CENTER AT PLANO, BAYLOR | § | |
| REGIONAL MEDICAL CENTER AT | § | |
| PLANO, CHRISTOPHER DUNTSCH, | § | |
| M.D., and KIMBERLY MORGAN, APN | § | |
| Defendants | § | |

**DEFENDANT CHRISTOPHER DUNTSCH, M.D.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND BRIEF IN SUPPORT, AND IN THE ALTERNATIVE MOTION TO STAY**

Defendant Christopher Duntsch, M.D. files this motion to dismiss Plaintiff's suit for lack of subject-matter jurisdiction, as authorized by Federal Rule of Civil Procedure 12(b)(1), or in the alternative, to stay this matter pursuant to the automatic stay provision in 11 U.S.C. § 362, and in support would show as follows:

### I. BACKGROUND

1. Plaintiff is Barry Morguloff; Defendants are Baylor Health Care system, Baylor Regional Medical Center at Plano, Christopher Duntsch, M.D., and Kimberly Morgan, APN.

2. Plaintiff filed this lawsuit on March 25, 2014 in the United States District Court Northern District of Texas Dallas Division pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code alleging negligence and gross negligence against Defendants. Because this case is based on a Texas statute, this case does not involve a federal question.

3. Further, there is not diversity because Plaintiff and some Defendants are residents of Texas.

4. Because this Court lacks both federal question and diversity subject-matter jurisdiction over Plaintiff's suit, this Court should dismiss the suit for lack of subject matter jurisdiction.

5. Alternatively, Plaintiff willfully and intentionally violated the automatic stay in the United States Bankruptcy Court, Division of Colorado, by filing this lawsuit without requesting relief from the automatic stay. In the event that the Court finds it has jurisdiction, the Court should stay this matter in compliance with 11 U.S.C. § 362.

## II. RULE 12(B)(1) SUBJECT MATTER JURISDICTION STANDARD

6. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger,* 437 U.S. 365, 374 (1978). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and

laws of the United States. *See* U.S. CONST. art. III § § 1-2; *see also Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court. *United States v. Hays,* 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.,* 298 U.S. 178. 189 (1936); *Langley v. Jackson State University,* 14 F.3d 1070, 1073 (5th Cir. 1994), *cert. denied.*

7. Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the Court determines at any time that it lacks the subject matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudia Arabia,* 27 F.3d 169, 172 (5th Cir.1994).

8. In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation,* 896 F.2d 170, 176 (5th Cir. 1990).

A.   **Plaintiff's Complaint Does Not Allege Federal Question.**

9.   A district court has federal question jurisdiction when an action arises under the Constitution, laws, or treaties of the United States. U.S. Const. art. 3, §2, 28 U.S.C. §1331; *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006). A case arises under federal law if a well-pleaded complaint establishes that either: (1) federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice,* 547 U.S. at 689-90 (2006).

10.   To determine whether a court has federal-question jurisdiction, it must consider the degree to which federal law is at the forefront of the case – not collateral, peripheral, or remote. *See Merrell Dow Pharms. v. Thompson,* 478 U.S. 804, 813-14 & n.11 (1986).

11.   This case is not based on federal question. According to Plaintiff's Complaint, Plaintiff relies on Chapter 74 of the Texas Civil Practice and Remedies Code as the basis for its negligence and gross negligence claims against Defendants. *See* Doc. 1, Plaintiff's Original Complaint at pp. 20-24.

12.   In the 26-page complaint with 87 numbered paragraphs, Plaintiff failed to demonstrate that his claim is based on the U.S. Constitution, a federal statute, or an international treaty. *See* 28 U.S.C. §1331. Plaintiff does not cite a single federal statute or case as a basis for his recovery. *Id.*

13. Because this case is premised on a Texas medical malpractice statute, no federal question of law exists, and this Court lacks subject matter jurisdiction.

**B.    There is No Diversity Jurisdiction as Plaintiff's Original Complaint Alleges All Parties are Texas Residents.**

14. Federal district courts have subject matter jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). Diversity among parties must be complete. *Id.; Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Complete diversity exists when the citizenship of each plaintiff in a case is diverse from the citizenship of each defendant. *Id.*

15. Plaintiff's Original Complaint fails to allege facts that support a complete diversity of citizenship. *See* Doc. 1, Plaintiff's Original Complaint at pp. 1-2. Instead, Plaintiff only asserts that venue is proper in Dallas County by stating the basis for liability and Defendants Baylor Health Care system and Baylor Regional Medical Center at Plano are all in Dallas County. *Id.*

16. Plaintiff's attempt to distract this Court with 26 pages of irrelevant, colorful facts does not establish diversity subject matter jurisdiction. It will be impossible for Plaintiff to establish subject matter jurisdiction based on diversity of citizenship because Plaintiff and at least three of the Defendants are residents of Texas. Therefore, complete diversity of citizenship does not exist.

17. Because diversity jurisdiction does not exist, this Court lacks subject matter jurisdiction and must dismiss this case.

### III. 28 U.S.C. § 1334 DOES NOT GIVE THIS COURT JURISDICTION OVER THIS CASE

18. In one sentence, Plaintiff's Original Complaint mentions 28 U.S.C. § 1334 as a possible basis for federal jurisdiction. The Complaint states "this lawsuit may affect the outcome of a pending bankruptcy proceeding." That statute, however, confers federal jurisdiction over bankruptcy proceedings. As Plaintiff's counsel must be aware, this is not a bankruptcy proceeding.

19. Section 1334 states that federal courts have jurisdiction over claims or causes of action "arising under" or "related to" the bankruptcy code. 28 U.S.C. § 1334(b). Plaintiff's claims do not arise under federal bankruptcy law because they are state law tort claims. *See In re ALT Hotel, LLC*, 479 B.R. 781, 506 (Bankr.N.D.Ill.2012). "By definition, state law claims do not 'arise under' or 'arise in' the Code." *Cataldi v. Olo Corporation (In re County Seat Stores, Inc.)*, 2007 WL 4191946, *9 (Bankr. N.D. Tex. June 21, 2007).

20. For there to be subject matter jurisdiction over a related proceeding under 28 U.S.C. § 1334(b), there must be some cognizable nexus between the civil proceeding and the Title 11 case. *In re Dickenson Lines, Inc.*, 47 B.R. 653, 656 (Bankr.D.Minn.1985).

21. Because this cause of action does not "arising under" and is not "related to" the bankruptcy code, this Court does not have subject matter jurisdiction.

## IV. IN THE ALTERNATIVE, MOTION TO STAY

22. Plaintiff is further precluded from bringing this suit in this Court because there is an automatic stay in a pending bankruptcy matter in the United States Bankruptcy Court in Colorado from which Plaintiff did not seek relief.

23. The filing of Debtor's Petition in Bankruptcy operates as a stay, applicable to all entities, of the commencement or continuation of any "judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title..." 11 U.S.C. § 362(a)(1) and (7).

24. In the first numbered paragraph of Plaintiff's complaint, Plaintiff states "this lawsuit may affect the outcome of a pending bankruptcy proceeding." *See* Plaintiff's Original Complaint at p. 1.

25. In the second numbered paragraph of Plaintiff's complaint, Plaintiff acknowledges "[t]he bankruptcy proceeding mentioned above is Case No. 1:13-bk-20510, *In Re Christopher Daniel Duntsch,* filed in the United States Bankruptcy Court, District of Colorado." *See* Plaintiff's Original Complaint at p. 2.

26. Based on Plaintiff's complaint, Plaintiff has actual and constructive knowledge of Defendant's pending bankruptcy proceeding. Despite having notice of the pending bankruptcy proceeding, Plaintiff failed to seek relief from the automatic stay in the bankruptcy court prior to filing his complaint in this Court.

27. "A stay violation is willful when a party acts with knowledge of the filing of the bankruptcy." *In re Shafer,* 63 B.R. 194, 198 (Bkrtcy. D. Kan. 1986). With actual knowledge of the pending bankruptcy proceeding, Plaintiff willfully and intentionally violated the automatic stay. Plaintiff knew about the bankruptcy proceeding and decided to file this complaint with complete disregard for the court with jurisdiction.

28. In the event that this Court determines it has jurisdiction over this matter, because an automatic stay is in place in another court under 11 U.S.C. § 362 to which relief has not been sought, this Court must at a minimum stay this action.

## V. CONCLUSION

29. Plaintiff's Original Complaint negates federal question and diversity jurisdiction. This Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Further, Plaintiff willfully and intentionally violated the automatic stay put in place by the United States Bankruptcy Court, Division of Colorado.

## **PRAYER**

For the above reasons, Defendant Duntsch asks the Court to grant Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. In the event that the Court finds jurisdiction, this Court should stay this action pursuant to 11 USC § 362.

                                Respectfully submitted,

                                **CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C.**

By:         /s/        
WILLIAM H. CHAMBLEE
State Bar No. 04086100
whchamblee@chambleeryan.com
Douglas R. Lewis
State Bar No. 12275800
dlewis@chambleeryan.com

2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (Facsimile)
**ATTORNEYS FOR DEFENDANT CHRISTOPHER DUNTSCH, M.D.**

## CERTIFICATE OF SERVICE

I do hereby certify that on May 23, 2014 a true and correct copy of the above and foregoing document has been served on all counsel of record via electronic filing.

/s/
**Douglas R. Lewis**